IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,             :

        Plaintiff,                      :
                               Case No. 3:09cv045
        vs.                             :

                               JUDGE WALTER HERBERT RICE
McCRAY POWELL, et al.,                :

        Defendants.                     :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT STAR BANK
(DOC. #38); DECISION AND ENTRY OVERRULING MOTION OF
DEFENDANT IRENE HALL TO SET ASIDE DEFAULT JUDGMENT AS TO
DORSET PROPERTY (DOC. #40); DECISION AND ENTRY SUSTAINING
IN PART, OVERRULING AS MOOT IN PART AND NOT RULING UPON
IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(DOC. #42); DECISION AND ENTRY SUSTAINING MOTION OF
DEFENDANT IRENE HALL TO ISSUE SUBPOENA (DOC. #49);
DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION TO
STRIKE (DOC. #50); DECISION AND ENTRY SUSTAINING MOTION OF
DEFENDANT IRENE HALL TO FILE PROOFS OF PAYMENT
(DOC. #51); DECISION AND ENTRY OVERRULING MOTION OF
DEFENDANT IRENE HALL TO REJECT NON-ASSERTION OF LAND
CONTRACT (DOC. #52); DECISION AND ENTRY OVERRULING
MOTION OF DEFENDANT IRENE HALL TO DISMISS (DOC. #56);
DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO
DISMISS AS TO WALES PROPERTY (DOC. #58); DECISION AND
ENTRY OVERRULING MOTION OF DEFENDANT IRENE HALL FOR
FACE TO FACE MEETING WITH JUDGE RICE (DOC. #59); FINDING OF
NO JUST CASE FOR DELAY MADE IN ACCORDANCE WITH RULE 54
OF THE FEDERAL RULES OF CIVIL PROCEDURE; PLAINTIFF DIRECTED

TO FILE FORM OF JUDGMENT FOR WEST 5467 THIRD STREET, ALONE, WITHIN TEN DAYS

In this litigation, Plaintiff United States of America ("Plaintiff" or "Government") seeks to reduce to judgment McCray Powell's ("Powell") unpaid assessed federal income taxes, plus accruals, and to establish the validity of its liens on all of Powell's property and property rights.  Plaintiff's Second Amended Complaint (Doc. #29) at 1.  The parcels of real property include the properties commonly known as 1) 3615 Dorset Drive, Dayton, Ohio ("the Dorset property"); and 2) 5467 West Third Street, Dayton, Ohio "5467 West Third" or the "Third Street property").  The Third Street property is comprised of  Parcel No. H33300822 0013 ("Parcel 0013"), and Parcel No. H33300822 0014 ("Parcel 0014").[1]  Id. at 1-2.  In addition, the Plaintiff requests that this Court foreclose on Powell's properties; establish the relative interests of the Defendants in the Powell properties and the relative priority and amount or percentage of distribution each Defendant and the Plaintiff shall receive from the proceeds of a sale of the foregoing properties ordered by the Court; and permit a judicial sale of the foregoing properties.  Id. at 2.  In its Second Amended Complaint (Doc. #29), the Government has named as Defendants, in addition to Powell, Irene Hall ("Hall"), Thenie Powell, Aurora Loan Services, LLC, the Montgomery County Auditor, the State of Ohio ("Ohio") and Star Bank.

---

[1]Initially, the Plaintiff also sought to establish the validity of its lien rights as to 3801 Wales Drive, Dayton, Ohio.  The parties have resolved that particular dispute. Accordingly, the Court sustains Plaintiff's Motion to Dismiss as to [the] Wales Property (Doc. #58).

This litigation is currently before the Court on the following motions, to wit:

Plaintiff's Motion for Summary Judgment (Doc. #42); Motion of Defendant Irene

Hall to Issue Subpoena (Doc. #49); Motion of Defendant Irene Hall to File Proofs of

Payment (Doc. #51); Motion of Defendant Irene Hall to Reject Non-assertion of

Land Contract (Doc. #52); and Motion of Defendant Irene Hall to Dismiss

(Doc. #56).  As a means of analysis, the Court will rule upon those motions in the

above order.[2]


I.  Plaintiff's Motion for Summary Judgment (Doc. #42)

As a means of analysis, the Court will initially set forth the procedural

standards it must apply whenever it rules on a motion seeking summary judgment

---

[2]The Court sustains the Plaintiff's Motion for Default Judgment against Defendant
Star Bank (Doc. #38), given that Star Bank has failed to answer any of Plaintiff's
pleadings and has not responded to Plaintiff's request for a default judgment.
In addition, the Court overrules the Motion of Defendant Irene Hall to Set
Aside Default Judgment as to Dorset Property (Doc. #40), because she seeks to
set aside a default judgment entered against Powell, and does not have standing to
litigate a matter which affects a Co-Defendant, alone.
The Court also overrules Plaintiff's Motion to Strike (Doc. #50), with which
it seeks to strike Defendant Irene Hall's Sur-reply Memorandum (Doc. #49).
Although the Plaintiff has had more than four months in which to respond to that
filing, it has not done so.  An additional reason not to strike Hall's Sur-reply
Memorandum is that she has attached a number of unauthenticated documents to
that filing, including the title record for the Dorset property and a statement from
her mortgage company, indicating that she had paid off her mortgage on that
property on March 4, 2004.  Procedures have been established below to allow Hall
to authenticate those documents.
The Court also overrules the Motion of Defendant Irene Hall for a Face to
Face Meeting with Judge Rice (Doc. #59).  After the additional discovery permitted
herein has been completed and the Court has ruled on the Government's Motion for
Summary Judgment (Doc. #42), as it relates to the Dorset property, should the
captioned matter remain viable, the Court will schedule a telephone conference call
with the Government's counsel and Hall.

under Rule 56 of the Federal Rules of Civil Procedure, incorporating into its discussion the amendments to Rule 56, which became effective December 1, 2010.[3] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323. See also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir. 1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995). Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing

---

[3]Plaintiff filed its motion on April 8, 2011.

party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  See also Michigan Protection and Advocacy Service, Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff.").  Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position.  Celotex Corp., 477 U.S. at 324.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"  Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).  Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party.  Anderson, 477 U.S. at

- 5 -

255 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2726. Rule 56(c)(1) provides:

> (c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). See also L.S. Heath & Son, Inc. v. AT&T Information Systems, Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir.), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ...."). See also, Fed. R. Civ. P. 56(c)(3).

With this motion, the Plaintiff seeks summary judgment as to the properties located at located at 5647 West Third Street.  No party has opposed the Government's request in that regard.  For reasons which follow, this Court sustains the Government's motion.[4]

Aurora Loan Services has disclaimed any interest in the properties located at 5467 West Third Street.  See Aurora Loan Services Answer (Doc. #5).  Defaults have been entered against all other Defendants claiming an interest in that property, save and except the State of Ohio.  See Doc. # 11 (entry of default against U.S. Bank and Montgomery County Auditor) Docs. ##13 and 34 (default judgment entered against Powell).  In addition, the Court has entered a default judgment against Star Bank in this Decision.  See Footnote 3, supra.  The Government requests that the Court order the sale of the West Third Street property, with the proceeds divided between itself and the State of Ohio, in accordance with "the priority of their respective liens."  See Doc. #42 at 2.

On November 17, 2009, this Court entered a default judgment against Powell, which establishes that Powell remains indebted to the United States in the sum of $201,059.72, for federal income tax, penalties and accrued interest, for the tax periods ended December 31, 1997, December 31, 1998, and December 31 1999.  See Doc. #13.  On February 5, 2010, this Court entered a second default

---

[4]The Court overrules, as moot, the branch of of the Government's Motion for Summary Judgment (Doc. #42), relating to the Wales property, given that the parties have settled their dispute as to that property.  See Doc. #58.  Thenie Powell had opposed the Government's request for summary judgment on that property.  See Doc. #46.  However, the parties settlement of their dispute concerning that property has mooted her opposition to the Government's motion. In addition, the Court does not rule on the branch of this motion as it relates to the Dorset property, pending further discovery which the Court discusses below in connection with other pending motions herein.

judgment against Powell, establishing, inter alia, that the United States has valid
and subsisting tax liens on the West Third Street property, in accordance with 26
U.S.C. §§ 6321 and 6322.  See Doc. #34.

The Government points out that 26 U.S.C. § 7403(a) authorizes the United
States to direct that, when there has been a neglect or refusal to pay any tax, a
civil action can be filed in District Court to enforce a lien.  Under § 7403(c), the
District Court resolves all the matters involved, makes a final determination of the
claims, and decrees a sale of the property, if the Government's claim is
established.[5]  In Hatchett v. United States, 330 F.3d 875 (6th Cir. 2003), the Sixth
Circuit noted that, in a proceeding under § 7403, a District Court "adjudicates all
the matters involved, makes a final determination of the claims, and decrees a sale
of the property if the Government's claim is established."  Id. at 884.  Herein, the

---

[5]Section 7403 provides, in relevant part:

(a) Filing.—In any case where there has been a refusal or neglect to pay any
tax, or to discharge any liability in respect thereof, whether or not levy has
been made, the Attorney General or his delegate, at the request of the
Secretary, may direct a civil action to be filed in a district court of the United
States to enforce the lien of the United States under this title with respect to
such tax or liability or to subject any property, of whatever nature, of the
delinquent, or in which he has any right, title, or interest, to the payment of
such tax or liability.

\*                        \*                        \*

(c) Adjudication and decree.—The court shall, after the parties have been
duly notified of the action, proceed to adjudicate all matters involved therein
and finally determine the merits of all claims to and liens upon the property,
and, in all cases where a claim or interest of the United States therein is
established, may decree a sale of such property, by the proper officer of the
court, and a distribution of the proceeds of such sale according to the
findings of the court in respect to the interests of the parties and of the
United States.  If the property is sold to satisfy a first lien held by the United
States, the United States may bid at the sale such sum, not exceeding the
amount of such lien with expenses of sale, as the Secretary directs.

default judgment entered against Powell establishes that he owes $201,059.72, plus interest accrued since October 20, 2004.  In addition, no party has disputed that Powell has neglected to pay or that the Government has a valid and subsisting lien on the West Third Street property.

Accordingly, the Court sustains the Government's Motion for Summary Judgment (Doc. #42), as it relates to the West Third Street property.  In addition, the Court expressly finds, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just cause for delay, since the Government's request for foreclosure on the West Third Street property is separable from all other matter in this litigation.  It would be unfair to the Government to require that it await resolution of the parties' dispute concerning the Dorset property, before it obtains final judgment on the West Third Street Property.  During the delay, that property could suffer damage while that dispute is resolved.  Within ten calendar days, the Government must file a form of judgment for the Court to sign, involving the West Third Street property, alone.


II.  Motion of Defendant Irene Hall to Issue Subpoena (Doc. #49)

With this motion, Defendant Irene Hall requests that the Court issue a subpoena to Wright-Patt Credit Union ("Wright-Patt"), in order to obtain copies of archived checks with which she states she paid Harvey Simmons on a land contract for the Dorset property, from 1988 through 1994.  According to Hall, the checks would make it easier to prove that Powell knew that the land contract for that parcel of real estate had been assigned to her by Simmons and that Powell

had accepted payments from her.  She contacted Wright-Patt, which told her it did not have the checks she was requesting.

The Plaintiff argues that this Court should decline to grant the request for a subpoena, because Wright-Patt has informed her that it does not have the checks. Given the centrality in this litigation of the question of whether Hall purchased the Dorset property on land contract, Hall must be permitted to explore every avenue of evidence to demonstrate that there is a genuine issue of material fact on the question, even though serving such a subpoena may delay the ultimate resolution of this branch of Plaintiff's Motion for Summary Judgment (Doc. #42), and the discovery deadline has passed.

Accordingly, the Court sustains the Motion of Defendant Irene Hall to Issue Subpoena (Doc. #49).


III.  Motion of Defendant Irene Hall to File Proofs of Payment (Doc. #51)

With this motion, Defendant Irene Hall requests permission to file recently found check stubs, which she claims demonstrate that she made payments on a land contract on the Dorset property over a number of years.  Given the central issue raised by the Plaintiff's Motion for Summary Judgment (Doc. #42), and for the same reasons it sustained Motion of Defendant Irene Hall to Issue Subpoena (Doc. #49), the Court sustains the Motion of Defendant Irene Hall to File Proofs of Payment (Doc. #51).

IV. Motion of Defendant Irene Hall to Reject Non-Assertion of Land Contract (Doc. #52)

With this motion, Defendant Irene Hall requests that the Court reject the Government's assertion that she did not have a land contract for the Dorset property. The Government has opposed this motion, largely for the reasons it opposed the two previously discussed motions. In addition, the Plaintiff argues that the Court should overrule this motion, because Powell told its counsel that Defendant Irene Hall had made only two payments for that property, not thirty-seven as she claims. The Government states that it intends to offer Powell's affidavit to support its assertion in that regard. Given that the Court has permitted Hall to augment the record, the Court will, without question, permit the Plaintiff to file such an affidavit. Moreover, the Court will permit the Government to depose Hall concerning the evidence she has recently submitted and to question her, under oath, about whether she had a land contract for the Dorset property, and, if so, how much she has paid on it. In addition, the Court will permit Hall to file her own affidavit or declaration, explaining the land contract and her payments thereon.

The Court will, however, overrule the Motion of Defendant Irene Hall to Reject Non-Assertion of Land Contract (Doc. #52), since it is a memorandum containing arguments, rather than being a request for relief. The Court will consider the arguments set forth therein when it rules on the Government's request for summary judgment, as it relates to the Dorset property.

V.  Motion of Defendant Irene Hall to Dismiss (Doc. #56)

With this motion, Hall requests that the Court dismiss the Government's claim against the Dorset property, because the evidence demonstrates that she had a land contract, on which she paid.  Simply stated, although Hall's arguments, if supported by evidence, could cause this Court to overrule the Government's Motion for Summary Judgment (Doc. #42), and could ultimately convince a jury to find for her at trial, it is not, however, a reason to dismiss the Government's claims against her at this point.  Accordingly, the Court overrules the Motion of Defendant Irene Hall to Dismiss (Doc. #56).

As a result of the Court's ruling herein, the following motion remains to be resolved, to wit: Government's Motion for Summary Judgment (Doc. #42).  The Government must file its supplemental request for summary judgment by January 25, 2012.  Hall shall file her opposing memorandum no latter than February 21, 2012, within which she must submit the results of the subpoena and proofs of payment,[6] and the Government's reply is due by the close of business February 29, 2012.  No extensions of this briefing schedule will be granted.

December 19, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

---

[6]All documents appended to Hall's opposing memorandum must be properly authenticated within the meaning of Fed. R. Civ. P. 56.

- 12 -

Counsel of Record.